**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TYSON DAVID O'NEAL,

        Petitioner,                        Case Number: 06-CV-12307

v.                                               HONORABLE AVERN COHN

BLAINE LAFLER,

        Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S REQUEST TO HOLD PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Tyson David O'Neal (Petitioner) is a state inmate at the Carson Correctional Facility in Carson City, Michigan. Petitioner filed a *pro se* petition for a writ of habeas corpus challenging his convictions for second-degree murder, possession of a firearm during commission of a felony, and felon in possession of a firearm. Now before the Court is Petitioner's Request to Hold Petition for Writ of Habeas Corpus in Abeyance. For the reasons that follow, the motion will be granted.

II.

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of the offenses listed above. On December 9, 2002, he was sentenced as a fourth habitual offender to 36 to 80 years for the second-degree murder conviction, 28 months to 5 years for the felon-in-possession conviction, and 2 years for the felony-firearm

conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

> I. Trial Court Evidentiary Error, Infringing the Fourteenth Amendment Right to Due Process.
>
> > A. Where no discovery order directed the defense to make disclosures to the prosecution and, the prosecution made no request for disclosure, did the trial court erroneously preclude the defense from confronting Parish Hickman with his statement admitting that he had gotten away with murder by framing Tyson O'Neal?
> >
> > B. Did the trial court err by precluding the defense from presenting the testimony of Sgt. Johnson and Nurse Rupert that Gene Shelby said, "Parish Hickman shot me?"
>
> II. Prosecutorial misconduct
>
> > A. By arguing that "At 32 I've done just a few too many of these case," did the prosecutor improperly inject issues broader than the guilt or innocence of the accused?
> >
> > B. Did the prosecutor improperly vouch for the credibility of his witnesses when he told the jury that these witnesses were honest?
>
> III. Ineffective assistance of counsel
>
> > A. Defendant was charged as a felon in possession of a firearm. While instructing prospective jurors in this murder prosecution, the trial court told the jury that defendant "Had been convicted of manslaughter, a specified felony." Was trial counsel ineffective by failing to move *in limine* to bar admission of the details of defendant's prior conviction and by failing to move for a new jury panel?
> >
> > B. Was trial counsel ineffective for failing to move for a mistrial or, alternatively, requesting a cautionary instruction when Parish Hickman non responsively stated that he had passed a polygraph examination?
> >
> > C. Was trial counsel ineffective for failing to seek the appointment of an expert on eyewitness identification and/or an instruction on the

> grave dangers of eyewitness misidentification based on People v Franklin Anderson?

D. Was trial counsel ineffective in failing to timely and properly object to the prosecutorial misconduct raised in Issue II of this Brief?

The Michigan Court of Appeals affirmed Petitioner's convictions. People v. O'Neal, No. 247133 (Mich. Ct. App. Sept. 16, 2004).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. O'Neal, 472 Mich. 915, 697 N.W.2d 153 (Mich. May 31, 2005).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the same issues presented on direct review in state court.

III.

In his motion to hold the petition in abeyance, Petitioner says he wishes to raise three additional claims (and numerous sub-claims) for habeas relief. However, because these claims have not been exhausted in state court, he seeks a stay in this matter so that he may exhaust these claims. State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claims. Petitioner may appeal the trial court's

3

disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court.  To obtain relief, he will have to show cause for failing to raise his unexhausted claims on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence.  See Mich. Ct. R. 6.508(D)(3).  Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust the claims and that the unexhausted claims are not "plainly meritless."  Rhines v. Weber, 544 U.S. 269, 278 (2005).  Petitioner argues that his unexhausted claims were not presented in state court because his attorney was ineffective.  An appellate attorney cannot be expected to raise his or her own ineffective assistance on appeal.  Combs v. Coyle, 205 F.3d 269, 276 (6th Cir. 2000).  Thus, Petitioner has asserted good cause for failing previously to present these claims in state court.  In addition, these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics.  See Rhines, 544 U.S. at 277-78.  Therefore, the Court shall grant the motion and stay further proceedings in this matter pending Petitioner's exhaustion of his unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back."  Id. at 1535.  To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits, set forth below, within which he must proceed.

IV.

Accordingly, Petitioner's "Request to Hold Petition for Writ of Habeas Corpus in Abeyance" is **GRANTED**.

Further proceedings in this case are stayed pending exhaustion of state court remedies. The case shall be stayed provided that: (1) Petitioner presents his unexhausted claims to the state court within **(60) sixty days** from the date of this order, and (2) Petitioner returns to this Court to request that the stay be lifted within **(60) sixty days** of exhausting state court remedies.

To avoid administrative difficulties, the Clerk shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**SO ORDERED.**


Dated: December 6, 2007        s/Avern Cohn
                               AVERN COHN
                               UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Tyson O'Neal, 173595, St. Louis Correctional Facility, 8585 N. Croswell St. Louis, MI 48880 on this date, December 6, 2007, by electronic and/or ordinary mail.

                               s/Julie Owens
                               Case Manager, (313) 234-5160