UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYSON O'NEAL,

        Petitioner,               Case Number: 06-12307
                                            HONORABLE AVERN COHN

v.

BLAINE LAFLER,

        Respondent.
_____/

# MEMORANDUM AND ORDER
# GRANTING RESPONDENT'S MOTION FOR STAY PENDING APPEAL (Doc. 38)
# AND
# AND DENYING PETITIONER'S MOTION FOR BOND (Doc. 36)

## I. Introduction

This is a habeas case under 28 U.S.C. § 2255. On September 18, 2018, the Court granted Petitioner Tyson O'Neal ("Petitioner") a conditional writ of habeas corpus on the ground that the trial court's exclusion of certain testimony violated his right to present a defense. (Doc. 34); O'Neal v. Lafler, 2018 WL 4468289 (E.D. Mich. Sept. 18, 2018). Respondent has appealed the Court's decision. See Doc. 37.

Before the Court is Respondent's motion for stay pending appeal and Petitioner's motion for bond. For the reasons that follow, Respondent's motion is GRANTED and Petitioner's motion is DENIED.

## II. Motion for Stay

Because habeas proceedings are civil in nature, the general standards for governing stays of civil judgments guide courts when they consider whether to grant a stay pending appeal. Hilton v. Braunskill, 481 U.S. 770, 776 (1987). The factors to

consider are: (1) whether the petitioner has made a strong showing that he or she is likely to succeed on the merits; (2) whether the petitioner will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Hilton, 481 U.S. at 776. Also to be considered is the state's interest in "continuing custody and rehabilitation pending a final determination of the case on appeal. . . ; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." Id. at 777.

Here, although the Court disagrees with Respondent's claim that he has made a strong showing he is likely to succeed on the merits of the case on appeal, nevertheless the Court sees no benefit to forcing the State to simultaneously retry Petitioner and pursue an appeal or to choose between these two options. As such, a stay is appropriate.

### III. Motion for Bond

As to Petitioner's motion for bond, there is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal-court decision granting habeas relief. Fed. R. App. P. Rule 23(c); Hilton, 481 U.S. at 774. The presumption favoring release may be overcome if the judge rendering the decision orders otherwise." Hilton, 481 U.S. at 777. In addition to the traditional stay factors, a court should consider the possibility of flight, possible danger to the public, and the "state's interest in continuing custody and rehabilitation pending a final determination of the case on appeal." Id.

Here, the relevant factors do not support release on bond at this time. This determination is based upon Petitioner's criminal history, conduct while incarcerated, and Respondent's representation that he will not seek more than one 30-day enlargement of time to file his appellate brief. If Respondent seeks more than one 30-day enlargement of time, the Court will reconsider Petitioner's request for bond.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 11/19/2018
Detroit, Michigan